UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN V.M.,[1] | No. 1:26-cv-01280-TLN-DMC |
| Petitioner, | |
| v. | **ORDER** |
| SERGIO ALBARRAN, et al., | |
| Respondents. | |
| ADRIAN V.M., | No. 1:26-cv-05171-TLN-DMC |
| Petitioner, | |
| v. | |
| CURRENT OR ACTING WARDEN OF GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al., | |
| Respondents. | |

The above-captioned actions were related by this Court on July 9, 2026.  (Case No. 1:26-

---

[1]    The Court omits Petitioner's full name to protect sensitive information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

cv-01280-TLN-DMC, ECF No. 15; Case No. 1:26-cv-05171-TLN-DMC, ECF No. 10.)

Federal Rule of Civil Procedure 42(a) allows district courts to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). District courts have broad discretion to consolidate cases and may do so *sua sponte*. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) (citing 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2383 at n. 37). "In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by the consolidation." *Conerly v. Veracity Research*, No. 2:19-cv-01021-KJM-KJN PS, 2019 WL 4392415, at *1 (E.D. Cal. Sept. 13, 2019) (citing *Sw. Marine, Inc. v. Triple A. Mach. Shop., Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989)).

The Court finds the above-captioned actions involve common questions of law and arise out of the same facts. The actions involve the same petitioner, and both challenge the lawfulness of his civil immigration detention. Consolidation of these cases serves judicial convenience and will save time, effort, and preserve judicial resources while creating little — if any — potential for delay, confusion, or prejudice. Accordingly, the Court consolidates the two cases for all purposes.

Additionally, the Court has reviewed the Petition for Habeas Corpus in Petitioner's second case (Case No. 1:26-cv-05171-TLN-DMC, ECF No. 1), which appears to seek Respondent's compliance with the Court's prior order in Petitioner's first case (Case No. 1:26-cv-01280-TLN-DMC, ECF No. 9). Accordingly, the Court construes Petitioner's second-filed habeas petition as a Motion to Enforce Judgement.

Respondents shall file a response to Petitioner's second-filed habeas petition, construed as a Motion to Enforce Judgement, within **three (3) court days**. Any opposition must include documents relevant to the issues presented. Failure to timely respond will be construed as a non-opposition. *See* L.R. 230(c). Petitioner shall file a reply within **six (6) court days**. The matter is not set for hearing at this time.

Further, Petitioner's Application to Proceed *In Forma Pauperis* is GRANTED. (Case No. 1:26-cv-05171-TLN-DMC, ECF No. 2.)

Counsel for Petitioner in the first-filed habeas proceeding (Case No. 1:26-cv-01280-TLN-DMC) shall inform the Court whether counsel intends to continue representation of Petitioner in the second-filed habeas proceeding (Case No. 1:26-cv-05171-TLN-DMC). Counsel for Petitioner shall file a status update as to this matter within **two (2) court days**.

### I.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. The cases captioned as *Adrian V.M. v. Albarran*, Case No. 1:26-cv-01280-TLN-DMC, and *Adrian V.M. v. Current or Acting Field Office Director*, Case No. 1:26-cv-05171-TLN-DMC, are consolidated for all purposes.

2. The Clerk of the Court is directed to file this Order in each of the above-referenced cases.

3. The lead case number and operative action moving forward will be *Adrian V.M. v. Albarran*, Case No. 1:26-cv-01280-TLN-DMC. All further proceedings in the consolidated action shall be filed and docketed under only the lead case number.

4. The Clerk of Court is directed to administratively close the member case.

5. Petitioner's second-filed habeas petition (Case No. 1:26-cv-05171-TLN-DMC, ECF No. 1) is construed as a Motion to Enforce Judgement. Respondents shall file a response within **three (3) court days**. Petitioner shall file a reply within **six (6) court days**.

6. Petitioner's Application to Proceed *In Forma Pauperis* is GRANTED. (Case No. 1:26-cv-05171-TLN-DMC, ECF No. 2.)

7. Counsel for Petitioner shall file a status update as to representation of Petitioner within **two (2) court days**.

IT IS SO ORDERED.

Date: July 9, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3